# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| ANA IRIS URIBE, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | No. 25 C 04168 |
| v. | ) | |
| | ) | Chief Judge Virginia M. Kendall |
| MARIA MUNOZ, KATHLEEN TAYLOR, | ) | |
| JASON SMITH, RONDHA LOPEZ, | ) | |
| KATTY MAROCCHI, and DIAMOND | ) | |
| COMMUNICATION SOLUTION, OSG, | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

## <u>ORDER</u>

On April 16, 2025, Plaintiff Ana Iris Uribe filed a Complaint in this Court, alleging sex discrimination by her former employer, Diamond Communication Solution, OSG ("Diamond"). (Dkt. 1). Uribe also names five individual Defendants, though she does not explain who they are or what title they hold with Diamond, if any. (*Id.*) Uribe also moves to proceed *in forma pauperis* without the full prepayment of filing fees and for attorney representation. (Dkts. 4, 5). For the reasons below, Uribe's application to proceed *in forma pauperis* [4] and Motion for Attorney Representation [5] are granted.

## I.     Ability to Pay the Filing Fee

Title 28 U.S.C. § 1915(a) permits the Court to authorize a plaintiff to proceed *in forma pauperis* if she is unable to pay the $400 mandated filing fee. Congress enacted the statute "to ensure that indigent litigants have meaningful access to the federal courts." *Bruce v. Samuels*, 577 U.S. 82, 85 (2016) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). Plaintiffs are eligible to proceed *in forma pauperis* if paying the filing fee would prevent them from purchasing the necessities of life. *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980).

Uribe has been unemployed since February 14 of this year. (Dkt. 4 at 1). Her last monthly take-home pay was just over $1,900. (*Id.*) In the last twelve months, she reports receiving $8,600 in rental assistance; $2,560 in unemployment, public assistance, or welfare; and $10,645 in "tax." (*Id.*) Uribe has saved the balance of her tax income. (*Id.*) She is a single mother of four children, all under the age of ten, and has trouble supporting her children, paying rent, and covering her utility bills while she is unemployed. (*Id.*) While her cash reserves are not insignificant, Uribe's employment status, parental obligations, and expenses offset those reserves such that requiring her to pay the statutory filing fee would prevent her from purchasing the necessities of life. Yet, the

1

Court must look beyond Uribe's financial status and review the sufficiency of her Complaint. 28 U.S.C. § 1915(e)(2).

## II.      Review of the Complaint

Title 28 U.S.C. § 1915(e)(2) requires the Court to screen Uribe's complaint and dismiss it if the Court determines the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." Courts reviewing complaints under § 1915(e)(2) apply the same standard used for dismissals under Federal Rule of Civil Procedure 12(b)(6). *Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 739 (2018); *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

The complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S 602, 678 (2009). The statement must give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bonnstetter v. City of Chicago*, 811 F.3d 969, 973 (7th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At this stage, the Court accepts well-pleaded factual allegations as true, "draw[ing] all reasonable inferences in the [plaintiff's] favor." *Gociman v. Loyola Univ. of Chicago*, 41 F.4th 873, 878 (7th Cir. 2022). Further, the Court liberally construes the allegations in a *pro se* plaintiff's complaint. *Ebemeyer v. Brock*, 11 F.4th 537, 542 n.4 (7th Cir. 2021) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

To survive screening on employment-discrimination claims, a plaintiff is not required "to plead a prima facie case," nor allege facts to support every element she must eventually prove. *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)); *see also Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 830 (7th Cir. 2014) ("The plaintiff is not required to identify similarly situated comparators at the pleading stage."). Rather, the plaintiff need only "advance plausible allegations that she experienced discrimination because of her protected characteristics." *Kaminski*, 23 F.4th at 776 (citing *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021)).

### A.      Background

Uribe was working as a "Hand Worker" for Diamond in February 2023 when she claims the company and its employees began discriminating against her based on her sex and pregnancy. (Dkt. 1 at 4–5, 9). She alleges that an unnamed man touched her body without her consent; that she was forced to do heavy work despite the company knowing she had a high-risk pregnancy; and that the company otherwise "lied" to force her out of her position. (*Id.*). She further claims that Diamond retaliated against her for filing a complaint. (*Id.* at 4).

On June 20, 2024, Uribe filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). (Dkt. 1 at 9). Uribe's EEOC charge does not mention any claimed sexual assault or harassment, but alleges that she was denied accommodations for her pregnancy and subjected to increased work duties on account of her pregnancy. (*Id.*) She claims the discrimination began in November 2023, and continued until May 2024. (*Id.*) The EEOC

informed Uribe that it would not investigate her claim on January 17, 2025 and issued a notice of her right to sue in federal or state court the same day. (*Id.* at 11). Uribe timely filed her Complaint within the 90-day window. *See DeTata v. Rollprint Packaging Prods. Inc.*, 632 F.3d 962, 967–68 (7th Cir. 2011) (citing 42 U.S.C. § 200e-5(f)(1)). Uribe's complaint alleges sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. (*See* Dkt. 1 at 4–5).

**B.     Discussion**

Title VII prohibits employment discrimination based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a); *Lewis v. Indiana Wesleyan Univ.*, 36 F.4th 755, 759 (7th Cir. 2022). The Pregnancy Discrimination Act of 1978 amended Title VII to clarify that pregnancy discrimination is a form of sex discrimination. *See* 42 U.S.C. § 2000e(k); *Griffin v. Sisters of Saint Francis, Inc.*, 489 F.3d 838, 842–43 (7th Cir. 2007). To survive a motion to dismiss based on sex discrimination a plaintiff "need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008); *see also Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014) ("Employers are familiar with discrimination claims and know how to investigate them, so little information is required to put the employer on notice of these claims.").

Adverse employment action is broadly defined and includes "reassignment with significantly different responsibility." *Lewis v. City of Chicago*, 496 F.3d 645, 653 (7th Cir. 2007) (quoting *Bell v. E.P.A.*, 232 F.3d 546, 555 (7th Cir. 2000)); *see also Herrnreiter v. Chicago Hous. Auth.*, 315 F.3d 742, 744–45 (7th Cir. 2002) (including changes to working conditions that subject an employee to "a humiliating, degrading, unsafe, unhealthful, or otherwise significantly negative alteration in h[er] workplace environment" within the definition of adverse employment action).

Here, Uribe alleges that she faced pregnancy discrimination when she was ordered to do "heavy work" despite the company "knowing that [her] pregnancy was high risk." (Dkt. 1 at 5). Her EEOC charge further substantiates her claim based on her allegation that, before Diamond increased her work duties, she was denied accommodation for her pregnancy. (*Id.* at 9). These facts suffice to create the plausible inference that Uribe faced a material, unsafe, and unhealthful alteration to her workplace environment because of her pregnancy and requested accommodation. While her factual allegations are admittedly thin, they are enough to provide Diamond with sufficient notice of her claim such that they can begin to investigate it. The Court permits Uribe's Title VII sex discrimination claim based on a material change to her working conditions because of her pregnancy to proceed.

Uribe's other claims, however, lack the specificity Fed. R. Civ. P. 8(a) requires. First, Uribe fails to substantiate her Title VII retaliation claim with any factual allegations. To state a Title VII retaliation claim, a plaintiff must allege that she " 'engaged in statutorily protected activity' and suffered an adverse action 'as a result of that activity.' " *Alamo v. Bliss*, 864 F.3d 541, 555 (7th Cir. 2017) (quoting *Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 833 (7th Cir. 2015)). Uribe's does not include any information about what adverse action she suffered after she filed her EEOC charge, which is the only statutorily protected activity evident from her complaint. Instead, she merely claims the defendant subjected her to "[r]etaliation for filing a complaint." (Dkt. 1 at 4). The EEOC charge itself incorporates the change in working conditions

that form the basis for Uribe's Title VII sex discrimination claim, so those alterations could not have been retaliatory based on her protected EEOC activity. (Dkt. 1 at 9). Accordingly, the Court dismisses Uribe's Title VII retaliation claim without prejudice.

Next, Uribe's claims against the individual Defendants, ostensibly for sexual abuse, sexual assault, workplace harassment, and workplace bullying, (Dkt. 1 at 4–5), are not supported by any factual material. The only passage of the complaint relevant to these charges is Uribe's allegation that "He touched my body without my consent." (Dkt. 1 at 5). Uribe does not say who "he" is, when he touched her without her consent, whether she reported the unwanted sexual contact to a supervisor, or how the company handled any complaints she may have made. These omissions leave the Defendants with insufficient information to defend against any potential Title VII claims arising from the alleged sexual harassment. The Court accordingly dismisses without prejudice Uribe's Title VII claims based on sexual harassment against all Defendants.

Accordingly, after screening Uribe's complaint under 28 U.S.C. § 1915(e)(2), the Court permits Uribe to proceed with her single Title VII sex discrimination claim against Diamond based on the change in her working conditions after notifying the company of her pregnancy. All other claims, and all other defendants, are dismissed without prejudice and with leave to refile.

### III. Motion for Attorney Representation

"There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (citing *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). But the Court has discretion to request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). *Id.* In ruling on a motion for attorney representation, the Court considers: (1) whether the plaintiff has made reasonable efforts to retain counsel, and (2) whether, given the difficulty of the case, the plaintiff appears to be competent to try it herself. *Id.* at 711 (citing *Pruitt*, 503 F.3d at 654). The Court grants Uribe's Motion for Attorney Representation. (Dkt. 5).

First, Uribe indicates that she contacted several employment lawyers and Latin American-serving nonprofit organizations in the Chicago area, none of which were able to help her with her case. (Dkt. 5 at 1). Explaining her inability to retain an attorney, Uribe states that the attorneys with whom she spoke told her that her case was difficult because "it had already been closed" and that they could not help her because of the many other cases they would have to prioritize ahead of hers. (*Id.*) The Court finds that Uribe made reasonable efforts to retain counsel, to no avail, thus satisfying § 1915(e)(1)'s first prong.

Second, while "[t]here are no fixed requirements for determining a plaintiff's competence to litigate [her] own case," the Court typically considers "the plaintiff's literacy, communication skills, education level, and litigation experience." *Pruitt*, 503 F.3d at 655. Uribe is a high school graduate who has difficulty speaking, writing, and reading in English because it is not her primary language. (Dkt. 5 at 2). While Uribe clearly did her best in completing her form complaint, application for leave to proceed *in forma* pauperis, and motion for attorney representation, her difficulty with the English language is evident from those filings. She has no legal training or experience. The Court determines she is not competent to represent herself in this matter, satisfying

§ 1915(e)(1)'s second prong. Uribe's Motion for Attorney Representation is granted.

## VI.     Conclusion

For the reasons above, Uribe's application to proceed *in forma pauperis* [4] is granted and her Title VII sex discrimination claim against Diamond Communication Solution, OSG may proceed. Her remaining claims and Defendants Maria Munoz, Kathleen Taylor, Jason Smith, Rondha Lopez, and Katty Marocchi are dismissed from the case without prejudice. Uribe's Motion for Attorney Representation [5] is granted. The Court will recruit an attorney to represent Uribe. Recruited counsel is directed to file an amended complaint on or before July 15, 2025 and serve it on Defendant Diamond Communication Solution, OSG.

Virginia M. Kendall
United States District Judge

Date: May 7, 2025