IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| ANA IRIS URIBE, | ) ) ) | |
| *Plaintiff*, | ) ) | No. 25 C 04168 |
| v. | ) ) | Chief Judge Virginia M. Kendall |
| DIAMOND MARKETING SOLUTIONS, INC. AND MARIANA MUNOZ, | ) ) ) ) | |
| *Defendants*. | ) ) | |

**OPINION AND ORDER**

On May 7, 2025, this Court granted Plaintiff Ana Iris Uribe's application to proceed *in forma pauperis*, appointed an attorney to represent her in these civil proceedings, and screened her *pro se* Complaint according to 28 U.S.C. § 1915(e)(2). (Dkt. 8). Uribe filed her First Amendment Complaint with the help of counsel on July 15, 2025, in which she states employment discrimination and state tort claims against her former employer, Diamond Communication Solutions, Inc. ("Diamond"), and her former supervisor at Diamond, Mariana Munoz. (Dkt. 12). Munoz now moves to dismiss Uribe's Title VII harassment/hostile work environment claim (Count III) and her state assault and battery claim (Count V). (*See* Dkt. 22). For the below reasons, the Court grants in part and denies in part Munoz's Motion to Dismiss [21]. Count III of Uribe's Complaint is dismissed with prejudice as to Munoz only. Count V will remain.

**BACKGROUND**

The Court assumes the parties' familiarity with the facts as set forth in its May 7, 2025 Order and only includes those facts necessary for the resolution of the instant motion. (Dkt. 8). Uribe worked for Diamond as a "hand worker, which involved printing various papers and sorting

1

them into envelopes," from January 10, 2023 to February 14, 2025. (Dkt. 12 ¶¶ 16–17). Uribe alleges that, beginning in February 2023, Diamond and Munoz discriminated against her based on her sex and pregnancy status and subjected her to a hostile work environment. (*Id.* ¶ 19). Moreover, Uribe claims that Munoz, as her supervisor, verbally harassed her and treated her differently than other Diamond employees. (*Id.* ¶ 24).

Diamond had a policy that employees could not use their cellphones at their workstations. (*Id.* ¶ 25). But apparently the rule was loosely enforced, and many employees were routinely allowed to take non-emergent calls. (*Id.*) As for Uribe, though, Munoz was "rigid and unrelenting" about the phone policy, telling her she could only take a call if one of her "pollitos" was dying— a derogatory reference to Uribe's small children. (*Id.*) On February 22, 2023, Munoz followed Uribe into the bathroom and waited for her outside of a stall. (*Id.* ¶ 27). Munoz proceeded to pat Uribe down without consent and over Uribe's requests for her to stop. (*Id.*) She opened Uribe's coat; patted down her chest area, legs, and buttocks; and demanded to know where Uribe's phone was. (*Id.*) This interaction forms the basis of Uribe's assault and battery claim. (*Id.* ¶¶ 86–92).

Due to an escalating pattern of discriminatory conduct and little help from Diamond Human Resources, Uribe filed a complaint with the Equal Employment Opportunity Commission ("EEOC") in November 2023, and an EEOC investigator interviewed her in March 2024. (*Id.* ¶ 38). Uribe alleges that someone later presented her with a Charge of Discrimination, which she signed and submitted on June 20, 2024. (*Id.*) Her EEOC Charge states, in full:

> I began my employment with Respondent in or around January 2023. My most recent position was Hand Worker. Respondent knew about my pregnancy. During my employment I requested a reasonable accommodation, which was denied. I was subjected to different terms and conditions, including but not limited to, increased work duties. I believe I was discriminated because of my sex, Female (pregnancy), and in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Pregnancy Workers Fairness Act of 2023, as amended.

(Ex. A, Dkt. 12-1 at 2). She contends that she was subjected to the above unlawful conditions of employment from November 1, 2023 through May 6, 2024. (*Id.*) The EEOC notified Uribe of her right to sue on January 17, 2025. (Ex. B, Dkt. 12-2 at 2). She filed her Complaint in this Court on April 16, 2025. (Dkt. 1).

## LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations "must be enough to raise a right to relief above the speculative level." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555). At the 12(b)(6) stage, the Court construes the complaint in the light most favorable to the nonmoving party, accepts all well-pleaded facts as true, and draws all inferences in his favor. *Heyde v. Pittenger*, 633 F.3d 512, 516 (7th Cir. 2011). Ordinarily, a plaintiff "need not anticipate and attempt to plead around affirmative defenses," including statutes of limitations. *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016). Because "affirmative defenses frequently turn on facts not before the court at the pleading stage, dismissal is appropriate *only* when the factual allegations in the complaint unambiguously establish all the elements of the defense." *Id.* (citation modified).

## DISCUSSION

Two of Uribe's five counts are brought against Munoz in her individual capacity. First, in Count III of her Complaint, Uribe claims that Diamond and Munoz individually subjected her to harassment and a hostile work environment in violation of Title VII of the Civil Rights Act of

3

1964, 42 U.S.C. § 2000e, *et seq.* (Dkt. 12 ¶¶ 67–75). Second, in Count V, Uribe claims that Munoz committed the state law torts of assault and battery when she pat Uribe down without consent. (*Id.* ¶¶ 86–92). Munoz moves to dismiss both counts.

   I.      **Title VII**

Munoz argues that Uribe's Title VII claim fails as a matter of law because there is no individual liability under Title VII. (*See* Dkt. 22 at 3). Uribe concedes this point in response and has offered to voluntarily withdraw her Title VII claim against Munoz in her individual capacity. (Dkt. 27 at 3–4). Because the Court agrees with the parties that "[s]upervisors do not qualify as employers under Title VII," Munoz's Motion to Dismiss is granted as to Count III. *Bronson v. Ann & Robert H. Lurie Children's Hosp. of Chicago*, 69 F.4th 437, 448 n.4 (7th Cir. 2023). That Count is dismissed with prejudice as to Munoz in her individual capacity but remains pending against Diamond.

   II.     **Assault and Battery**

Uribe's Illinois assault and battery claim is subject to a two-year statute of limitations. 735 Ill. Comp. Stat. 5/13-202. The factual predicate for this claim stems from the February 22, 2023 bathroom incident between Uribe and Munoz, meaning a timely claim would have to have been brought no later than February 22, 2025. (Dkt. 12 ¶ 27). Uribe did not file her Complaint with this Court until April 16, 2025. (Dkt. 1). And it was not until July 15, 2025, when she filed her First Amended Complaint, that her state tort claim first appeared in the case. (Dkt. 12 at 15). Consequently, Munoz argues the claim is time barred and must be dismissed. (Dkt. 22 at 4).

Uribe acknowledges the untimeliness of her assault and battery claim but suggests that equitable tolling applies to preserve her right to sue. Like the statute of limitations itself, Illinois law provides the accompanying rules for equitable tolling. *Hollander v. Brown*, 457 F.3d 688, 694

(7th Cir. 2006). "Equitable tolling of a statute of limitations may be appropriate if the defendant has actively misled the plaintiff, or if the plaintiff has been prevented from asserting his or her rights in some extraordinary way, or if the plaintiff has mistakenly asserted his or her rights in the wrong forum." *Clay v. Kuhl*, 727 N.E.2d 217, 223 (Ill. 2000). Uribe claims she filed a "procedurally deficient complaint"—i.e., a claim in the wrong forum under *Clay*—when she grieved her employment discrimination claim to the EEOC. (*See* Dkt. 27 at 5).

It is difficult to see how Uribe should benefit from equitable tolling based on the argument that she filed her state assault and battery claims in the wrong forum. Difficult, but not impossible—rendering this issue inappropriate for resolution on a motion to dismiss. Munoz points out that Uribe did not "bring any claims against Munoz, mention any alleged assault or battery, and/or allege she was subjected to any improper or unlawful actions in February 2023" in her formal Charge of Discrimination. (Dkt. 29 at 3). While true, Uribe alleges that, prior to filing her Charge of Discrimination, she submitted a "complaint" to the EEOC. (*See* Dkt. 12 ¶ 38). And she contends this complaint referenced the way Munoz treated her. (Dkt. 27 at 5). The Court does not have a copy of that complaint, making it difficult to appropriately analyze the diligence of Uribe's efforts in pursuing relief for Munoz's tortious conduct.

Equitable tolling is not an argument often amendable for consideration or resolution on a motion to dismiss. *See Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1030 (7th Cir. 2004) (noting dismissal is rarely appropriate on limitations defenses because evidence absent from the pleadings may cast the issue of tolling "in a new light"). It is possible that Uribe will be able to provide evidence of her 2023 EEOC Complaint and other activities that show she diligently pursued her rights. Or perhaps other evidence exists to show that Munoz herself acted in a way that "justif[ies] tolling or estoppel." *Id.* Either way, it is not as though Uribe has affirmatively

alleged that she "failed to file suit within the statute of limitations or that equitable tolling is inapplicable." *Gonzalez v. Rodriguez*, 2025 WL 1384289, at *4 (N.D. Ill. May 13, 2025) (citation modified). Because of the open questions that remain, evidence beyond the pleadings is necessary to fully analyze this issue.

Accordingly, Munoz's Motion to Dismiss Count V of Uribe's First Amended Complaint is denied.

## CONCLUSION

For the reasons above, Munoz's Motion to Dismiss [22] is granted in part and denied in part. Count III of Uribe's First Amended Complaint as to Munoz in her individual capacity is dismissed with prejudice. Uribe can proceed with her claim against Munoz for assault and battery, as set forth in Count V.

_____
Virginia M. Kendall
United States District Judge

Date: December 17, 2025